UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THIAGO CRUZ, individually<br>and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEALER PREP SERVICES CORPORATION,<br><br>Defendant. | Case No.: |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Thiago Cruz ("Cruz," "Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### SUMMARY

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, et seq. (the "NJWHL") brought by Plaintiff on behalf of himself and others similarly situated individuals against Defendant Dealer Prep Services Corporation ("Defendant" or "Dealer Prep"), for failing to pay them overtime wages owed in violation of the FLSA. Defendant improperly classifies employees who work as detailers as exempt from the FLSA's overtime requirements. Defendant does not pay detailers overtime compensation at the correct rate of time and a half, even though detailers should be paid for overtime compensation for hours in excess of 40 hours in a workweek. Defendant only pays detailers straight time pay for all hours worked over 40 in a single workweek. Defendant splits detailers' weekly pay into two separate paychecks if they work more than 40 hours in a single workweek. The first paycheck that detailers receive is for up to a total of 40 hours, only, at their assigned pay rate. The second paycheck is for any overtime hours

1

that detailers worked, at their regular pay rate. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees, costs, and all other relief to which he and similarly situated employees are entitled.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

3. In addition, the Court has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a) as they are directly related to the FLSA claim and based on Defendant's same practice of failing to pay owed overtime wages.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business in this District and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

### *Plaintiffs*

5. Plaintiff, Thiago Cruz, is an adult resident of North Bergen, New Jersey. For approximately 3 years, beginning in or around 2016, Mr. Cruz has worked as a detailer for Defendant's car prepping business in West Caldwell, New Jersey. Plaintiff was not paid the correct overtime compensation of time and a half as required by the FLSA and NJWHL. He was paid for 40 hours at his regular pay rate on one paycheck, and then given a second paycheck for any overtime hours he worked in excess of 40 in a single workweek at his regular, straight time pay rate.

6. At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

7. Cruz's consent to be a party plaintiff is attached as Exhibit 1.

8. The class of similarly situated employees consists of:

**All Detailers employed by Dealer Prep Services Corporation, within all of their locations, in the past three years who were not paid overtime for more than 40 hours worked in a workweek.**

*Defendant*

9. Defendant Dealer Prep Services Corporation is a corporation based in Pompton Plains, New Jersey. Defendant owns and manages several locations throughout New Jersey including, but not limited to, Parsippany, Wayne, Paramus, West Caldwell, etc.

10. At all relevant times, Dealer Prep was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

11. At all relevant times, Dealer Prep has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

12. At all relevant times, Dealer Prep has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Dealer Prep achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

14. Defendant issues paychecks to Plaintiff and similarly situated employees during their employment.

15. Defendant directs the work of Plaintiff and similarly situated employees and benefits from work performed that Defendant suffered or permitted from them.

16. Defendant classified Plaintiff and similarly situated employees as exempt under the Fair Labor Standards Act and failed to pay them the correct amount of overtime

compensation for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

17. Plaintiff works for Defendant as a detailer. Plaintiff's primary duty is to detail and prep cars in order to get them ready for customer delivery.

18. From the beginning of Plaintiff's employment to present, Defendant paid Plaintiff an hourly rate of $12.75 an hour.

19. Plaintiff received pay checks from Defendant on a weekly basis.

20. At all relevant times, Plaintiff and other detailers were classified by Defendant as exempt under the FLSA, were paid on an hourly basis, and were not paid the correct overtime compensation for hours they worked over 40 in a workweek. Plaintiff and other detailers were only paid straight time pay at their regular rate for all hours worked in excess of 40 in a single workweek, as opposed to the correct overtime amount of overtime compensation of time and a half.

21. During the relevant time period, as a matter of company policy and practice, Plaintiff and other detailers regularly worked more than 40 hours per week and were not paid the correct overtime compensation.

22. Through its unlawful actions, Defendant deprived Plaintiff and other detailers of overtime wages owed to them.

23. Defendant acted willfully in failing to pay overtime compensation of time and a half to Plaintiff and other detailers for hours they worked over 40 in a workweek. Defendant knew or should have known that detailers were required to be classified as non-exempt

employees under the FLSA and paid overtime compensation of time and a half for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States throughout Defendant's locations as detailers, have not received overtime wages owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

25. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

26. Dealer Prep has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

27. All potential opt-in plaintiff are similarly situated, because they were all employed by Dealer Prep as detailers, primarily performed the same or similar job duties, Dealer Prep classified all of them as exempt under the FLSA and did not pay them overtime, and Dealer Prep's compensation practices are uniform as to all potential plaintiffs, and result in the alleged violation of the FLSA.

## CLASS ACTION ALLEGATIONS

28. Mr. Cruz brings this action on behalf of himself and a class of similarly situated employees of Dealer Prep, pursuant to Fed. R. Civ. P. 23 and the N.J.S.A. §34:11-56a, et seq. The class he seeks to represent is similarly situated because they are employed by Dealer Prep and are or were subjected to the same payment practice.

29. The proposed Class is defined as follows:

**All individuals who: (1) are or have been previously employed by Dealer Prep Services Corporation in all of their locations during the relevant statute of limitations period; (2) are or were classified by Defendant as hourly employees; (3) were scheduled by Defendant to work shifts; (4) reported to duty for those shifts; (5) were not paid for overtime compensation for hours worked in excess of 40 hours in a workweek.**

30.     Excluded from the Class are the Defendant, its parent companies, subsidiaries, and affiliates; any co-conspirators; federal government entities and instrumentalities of the federal government, states and its subdivisions, agencies, and instrumentalities; and any judicial officer presiding over this matter and his or her staff.

31.     Membership of the Class is so numerous that joinder of all members is impracticable. The Class is comprised of at least hundreds of Dealer Prep employees throughout New Jersey. The Class, however, is readily identifiable from information and records in the possession, custody, or control of Defendant.

32.     The claims of Mr. Cruz are typical of the Class. Dealer Prep engaged in uniform course of conduct wherein Dealer Prep would not pay its employees the correct amount of overtime wages of time and a half. Mr. Cruz would work in the same manner as the Class, and Dealer Prep determined Mr. Cruz's wages in the same manner as the Class. Accordingly, Mr. Cruz and the Class were harmed by Dealer Prep's unlawful conduct in the same manner.

33.     Cruz's claims and those of the Class involve common questions of law and fact, including: 1) whether Dealer Prep had a policy and practice of not paying its employees the correct amount of overtime in excess of 40 hours; 2) whether this policy and practice violated the FLSA, NJWHL; 3) whether Dealer Prep was unjustly enriched as a result of its failure to pay

Plaintiff and the Class overtime wages; 4) whether Mr. Cruz and the Class are entitled to damages and/or restitution; and 5) whether Mr. Cruz and the Class are entitled to injunctive relief.

34. These common questions predominate over any questions affecting only individual Class members.

35. Mr. Cruz will fairly and adequately protect the interest of the Class because he has no interest antagonistic to, or in conflict with, the Class he seeks to represent. Furthermore, Mr. Cruz has retained counsel experience and competent in class action litigation.

36. Class action treatment is a superior method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplications of evidence, effort, expense or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender.

37. Mr. Cruz knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

## **COUNT I - FAIR LABOR STANDARDS ACT**

38. Plaintiff incorporates by reference each and every preceding paragraph as if fully restated herein.

39. As set forth above, Defendant's failure to pay overtime compensation of time and a half to employees who have worked for Defendant as detailers and who have not received overtime compensation during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

40. This claim is brought by the named Plaintiff on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

41. Defendant's failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## COUNT II- VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
## N.J.S.A. §34:11-56a, et seq.

42. Plaintiff incorporates by reference each and every preceding paragraph as if full stated herein.

43. At all relevant times, Plaintiff and the Class were employed by Dealer Prep within the meaning of the NJWHL.

44. Dealer Prep willfully violated Plaintiff's rights, and the rights of the members of the Class, by unlawfully classifying them as exempt employees and failing to pay them overtime compensation at rates not less than one and one-half their regular rate of pay for each hour worked in excess of forty hours in a workweek.

45. As a result of Defendant's violations of the NJWHL, Plaintiff and the Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, and reasonable attorney's fees and costs pursuant to the NJWHL.

## JURY DEMAND

Plaintiff demands a trial by jury on all of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA and the NJWHL;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Attorneys' fees and costs;

F. Pre- and post-judgment interest;

G. Any other relief to which the named Plaintiff and similarly situated individuals may be entitled.

H.

Dated: January 29, 2020 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Spencer H. Kuhner*_____
　　　　　　　　　　　　　　　　　　　　　　　　Spencer H. Kuhner, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　LEMBERG LAW, L.L.C.
　　　　　　　　　　　　　　　　　　　　　　　　43 Danbury Road, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　　　Wilton, CT 06897
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (203) 653-2250 x5515
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (203) 653-3424
　　　　　　　　　　　　　　　　　　　　　　　　skuhner@lemberglaw.com
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*